UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARREN J. TURNER, SR.**                                         **CIVIL ACTION**

**VERSUS**                                                        **NO. 22-194**

**ALLSTATE PROPERTY AND CASUALTY**                                **SECTION "B"(2)**
**INSURANCE COMPANY, ET AL**

ORDER AND REASONS

Before the Court is defendant's Motion for Partial Summary Judgment (Rec. Doc. 13). Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed **and** served no later than eight (8) days prior to the submission date. Plaintiff has failed to submit a memorandum in opposition to the motion, which was set for hearing on July 20, 2022. Further, no party has filed a motion to continue the hearing or filed a motion for extension of time within which to oppose the motion. Accordingly, this motion is deemed to be unopposed, and because it appears to the Court that the motion has merit,

**IT IS HEREBY ORDERED** that the defendant's Motion for Partial Summary Judgment (Rec. Doc. 13) is **GRANTED, without prejudice.**

I.   FACTS AND PROCEDURAL HISTORY

This suit arises out of an alleged car accident in which Plaintiff Darren Turner's car was struck by a blue Honda Accord. Rec. Doc. 1-3 (Petition for Damages). On June 17, 2020, plaintiff was driving eastbound on Chef Menteur Highway when suddenly his vehicle was struck by a blue Honda Accord while attempting to turn

1

into a parking lot. *Id.* The driver of the blue Honda Accord fled the scene after the accident. *Id.* The driver is an unidentified woman, referred to only as Jane Doe. *Id.* As a result of the accident, plaintiff alleges he suffered serious injuries to his head, neck, and back. *Id.*

On August 2, 2021, plaintiff filed suit in the Civil District Court for the Parish of Orleans against his uninsured/underinsured motorist insurance carriers United Financial Casualty Company, and Allstate Property and Casualty Insurance Company (hereinafter "Allstate"). Rec. Doc. 1-3. Subsequently, on January 28, 2022, defendants removed the action to this Court. Rec. Doc. 1 (Notice of Removal).

On June 28, 2022, Allstate filed the instant motion for partial summary judgment. Rec. Doc. 13. Defendant contends that summary judgment is proper given plaintiff was engaged in ridesharing activities for Uber at the time of his accident. *Id.* According to Allstate, the policy issued to plaintiff for economic-only uninsured/underinsured motorist coverage expressly excludes coverage in such a situation. Plaintiff did not file an opposition. *Id.*

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As such, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixon Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a

scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

**B. Interpretation of Policy Exclusion**

According to Louisiana law, an insurance policy is a contract that constitutes the law between the parties, and it must be interpreted in accordance with the general rules of contract interpretation set forth in the Louisiana Civil Code. *See Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La.2003); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007). The extent of insurance coverage is determined by the parties' intent as reflected by words in the policy. *See Richard v. Anadarko Petroleum Corp.*, 850 F.3d 701, 713 (5th Cir. 2017) (citing *Cadwallader*, 848 So.2d at 580). If the policy wording is clear, and it expresses the intent of the parties, the agreement must be enforced as written. *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014) (citing *Cadwallader*, 848 So.2d at 580); La. Civ. Code art. 2046. If an ambiguity exists, the ambiguity must be construed in favor of the party seeking coverage. *See Richard*, 850 F.3d at 714. The insurer bears the burden of proving the applicability of an exclusionary clause within the policy. *See Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 357 (5th Cir. 2010).

As an initial matter, this Court must first determine the validity of the alleged Uninsured Motorist ("UM") waiver. Allstate

4

concedes that it issued automobile liability insurance to Larry and Celestine Turner, and at the time of the alleged accident the policy was in effect on plaintiff's vehicle. Rec. Doc. 13. However, defendant presents that the insured executed a valid UM waiver on February 21, 2020. *Id.* Allstate argues that this waiver effectively reduced plaintiff's coverage on said vehicle to economic-only uninsured/underinsured motorist ("EOUM"). *Id.* Plaintiff clearly has no objection to the validity and enforceability of the waiver Allstate has presented given his failure to file an opposition. It seems to this Court there is no genuine issue of material fact as to the legality of the waiver, which effectively reduced the coverage on plaintiff's vehicle to EOUM. *See* Rec. Doc. 13-7 (UM Waiver). Furthermore, the attached UM waiver complies with the requirements of Louisiana Revised Statute § 22:1295 because it informed the insured of what the coverage included, the different policy limits, and provided him the opportunity to reject or reduce coverage. *See* La. Stat. Ann. § 22:1295; Rec. Doc. 13-7 (UM Waiver).

Having determined the waiver was enforceable and reduced coverage on plaintiff's vehicle to EOUM coverage, we now turn to evaluate the validity of the exclusionary provision. Allstate contends the EOUM policy at issue expressly excluded coverage when the insured vehicle is engaged in ridesharing activities, *e.g.*, Uber transportation. Rec. Doc. 13. First and foremost, it is

undisputed that the plaintiff was engaged in rideshare activities given he admitted this in his petition for damages. See 1-3, at p. 3 (Petition for Damages). Turning to the express language of the policy, it clearly states the insurer will not pay for damages an insured person is legally entitled to recover because of:

> bodily injury to an insured person while in, on, getting into or out of a motor vehicle owned by you or the injured insured person, **if the motor vehicle is not insured for this coverage under this policy**. Rec. Doc. 13-4, at p. 42 (Allstate Policy) (emphasis added).

The policy further describes what is not an insured vehicle for purposes of coverage. The exclusion provides:

> An insured auto **is not** a motor vehicle being **used by a transportation network company driver**, only while that driver is logged on to a transportation network company's digital network as a driver or is engaged in a prearranged ride. Rec. Doc. 13-4, at p. 41 (Allstate Policy) (emphasis added).

The vehicle at issue was not an "insured vehicle" for purposes of policy coverage because it was engaged in prohibited activity. Namely, its use at the time of the accident as an Uber vehicle. Because this use was explicitly excluded under the policy for coverage purposes, plaintiff is not entitled to EOUM coverage for the accident on June 17, 2020. Accordingly, plaintiff's claim against this defendant under his EOUM policy is dismissed.

New Orleans, Louisiana this 28th day of July, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE